IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES BERGMAN, | |
| Plaintiff, | 4:20-CV-3001 |
| vs. | |
| DOUGLAS COUNTY, NEBRASKA, STATE OF NEBRASKA, The; and CORRECT CARE SOLUTIONS, LLC, | MEMORANDUM AND ORDER |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court on its own motion. After consideration, the Court determines the balance of factors weighs against it continuing to exercise jurisdiction over the remaining state-law claims and thus remands the case to the District Court of Douglas County.

## II. BACKGROUND

This case was originally filed in the District Court of Douglas County. Filing 1-1 at 1. Defendants removed the case to this Court on January 2, 2020. Filing 1 at 1-2. As the basis for removal, Defendants asserted federal-question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(c) because Bergman had asserted a claim under 42 U.S.C. § 1983 for violation of his civil rights. Filing 1 at 2; Filing 1-1 at 22. Bergman asserted his § 1983 claim against now-dismissed defendants Correct Care Solutions, LLC; Douglas County, Nebraska; and Dawson County, Nebraska. Filing 1-1 at 22. He also asserted a cause of action of negligence against Douglas County, Dawson County, and the State of Nebraska and a cause of action for medical malpractice/medical negligence against all four Defendants. Defendants' Notice of Removal stated

1

the Court had jurisdiction over the "otherwise non-removable state law causes of action" based on supplemental jurisdiction. Filing 1 at 2.

On July 8, 2021, the Court granted a joint stipulation for dismissal between plaintiff James Bergman and defendant Dawson County, Nebraska. Filing 79. On January 6, 2022, the Court granted a joint stipulation for dismissal between plaintiff James Bergman and defendants Douglas County, Nebraska, and Correct Care Solutions, LLC. Filing 97; Filing 98. Thus, the only remaining defendant in the case is the State of Nebraska. As set forth in Bergman's Complaint, the only claims against the State of Nebraska—and therefore the only claims remaining in the lawsuit at this time—are for negligence and medical malpractice/medical negligence. Filing 1-1 at 15, 18.

### III. ANALYSIS

Because the only remaining claims are for the state-law causes of action of negligence and medical malpractice/medical negligence, the Court must determine whether to continue exercising its supplemental jurisdiction.

28 U.S.C. § 1367 provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." However, "a court is not required to remand state law claims when the only federal claim has been dismissed[;] . . . the district court maintains discretion to either remand the state law claims or keep them in federal court." *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)). In exercising its discretion, the Court should weigh the factors of "[judicial] economy, convenience, fairness, and comity." *Colhill*, 484 U.S. at 351.

In its discretion, the Court declines to exercise jurisdiction over this case. Although this case has been pending before the Court for one year, the Court has not expended substantial time

or resources on it. Rather, the parties have been engaged in discovery without substantial involvement from the Court to date. Thus, judicial economy weighs in favor of remand.[1] With respect to the factors of fairness and comity, the Douglas County District Court is better situated to decide the issues of state law which remain in this suit. *Accord United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). Lastly, there is no indication that litigating this case in state court will inconvenience either party. Accordingly, the balance of factors favors the Court declining to exercise jurisdiction over the remaining state-law claims and remanding this case to the state court.

## IV.    CONCLUSION

The Court concludes remand of this case is appropriate.

IT IS ORDERED:

1. Plaintiff James Bergman's claims of negligence, medical malpractice, and medical negligence against the State of Nebraska as set forth in the first and second causes of action of Bergman's Complaint, Filing 1-1 at 15-21, are remanded to the District Court of Douglas County, Nebraska. The Clerk of the Court is directed to send a copy of this Order, along with a copy of the Court's prior dismissal Orders, Filing 79; Filing 98, to the Clerk of the District Court of Douglas County, Nebraska, 1701 Farnam Street, Omaha, Nebraska 68183;

2. The State of Nebraska's Motion for Summary Judgment, Filing 94, is denied without prejudice to reassertion before the state court; and

3. The Court will enter a separate judgment.

---

[1] On December 27, 2021, the State of Nebraska filed a Motion for Summary Judgment. Filing 94. However, given the newness of the motion, the Court has not yet expended time considering its merits.

Dated this 11th day of January, 2022.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge

4